**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Judge Raymond P. Moore

Civil Action No. 20-cv-03152-RM-NYW

JAIMIE LYNN KULIKOWSKI,

    Plaintiff,

v.

JARED POLIS,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Nina Y. Wang (ECF No. 27) to grant Defendant's Motion to Dismiss (ECF No. 19). Neither side has objected to the Recommendation, and the time to do so has expired. The Court hereby accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

"In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Because Plaintiff proceeds pro se, the magistrate judge liberally construed her pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se plaintiff. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor

syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as the pro se plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The magistrate judge determined that Plaintiff lacks constitutional standing to bring this action because she has failed to identify a concrete and particularized injury and instead asserts merely a generalized grievance. (*See* ECF No. 27 at 7; *see also id.* at 8 ("It is also clear that a plaintiff does not have standing simply because the challenged action is personally offensive to her.").) The Court finds the magistrate judge's analysis was sound and discerns no clear error on the face of the record. And the Court agrees that Plaintiff has failed to meet her burden of establishing subject matter jurisdiction.

Therefore, the Court ACCEPTS the Recommendation (ECF No. 27) and GRANTS the Motion to Dismiss (ECF No. 19). The Clerk is directed to CLOSE this case.

DATED this 18th day of June, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge